UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIZRAIM MIRAMONTES-PERAZA,<br><br>                   Petitioner,<br>v.<br><br>MICHAEL A. HERNANDEZ, et al,<br><br>                   Respondents. | Case No.: 25cv68-CAB-VET<br><br>**ORDER DISMISSING PETITION** |

On January 13, 2025, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. [Doc. No. 1.] Petitioner is currently a defendant in an ongoing criminal proceeding in this Court before a different district court judge. *See generally* 24cr1822-AGS. In that criminal proceeding, Petitioner has been granted bond, although it appears he is still incarcerated. [24cr1822, Doc. Nos. 29, 33.] Petitioner has also been allowed, at his request, to represent himself in the criminal proceedings. [24cr1822, Doc. No. 33.] In this petition, while there is some mention of conditions of confinement, Petitioner primarily addresses the merits of the criminal case, and voices frustration with his attorney and the trial court's rulings. [Doc. No. 1 at 28-35.]

It is well established that a criminal defendant cannot use a petition for writ of habeas corpus to challenge the district court's orders or assert defenses in a pending

federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *See also Oster v. United States*, --F.Supp.3d--, 2025 WL 259589, at *1-2 (C.D. Cal. Jan. 20, 2025)(so long as such detainees can adequately and effectively vindicate their rights and adjudicate the merits of their charges in their criminal proceedings, they cannot short-circuit those proceedings by simultaneously petitioning for release under § 2241.)  Here, Petitioner has an adequate and effective means to vindicate his rights in the trial court, as shown by the fact that he was granted bond and allowed to represent himself in the criminal proceedings.  Finally, given the ongoing nature of the criminal proceeding, this Court declines to interfere with another judge's assigned case. See *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("[a] district court lacks authority to issue a writ of mandamus to another district court."). Therefore, Petitioner's challenges to the district court's actions in his federal criminal prosecution must be dismissed.  Petitioner must properly pursue these issues in his pending criminal case before the trial court.

   Accordingly, **IT IS HEREBY ORDERED**:

   1. The habeas corpus petition, Doc. No. 1, is **DISMISSED WITH PREJUDICE.**

   2. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

   3. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

Dated:  January 27, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge